447 B.R. 706 (2011)
In re COUDERT BROTHERS LLP LAW FIRM ADVERSARY PROCEEDINGS.
In re Coudert Brothers LLP, Debtor.
Development Specialists, Inc., Plaintiff,
v.
Akin Gump Strauss Hauer & Feld, LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Arent Fox LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Dorsey & Whitney LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Duane Morris, LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Jones Day, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Jones Day and Scott Jones, Defendants.
Development Specialists, Inc., Plaintiff,
v.
Jones Day and Geoffroy De Foestraets, Defendants.
Development Specialists, Inc., Plaintiff,
v.
Jones Day and Jingzhou Tao, Defendants.
Development Specialists, Inc., Plaintiff,
v.
K & L Gates LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Morrison & Foerster LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Sheppard Mullin Richter & Hampton LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
DLA Piper (US) LLP, Defendant.
Development Specialists, Inc., Plaintiff,
v.
Dechert LLP, Defendant.
No. 10 Civ. 9334 (VM). Bankruptcy No. 06-12226 (RDD). Adversary Nos. 08-1490 (RDD), 08-1491 (RDD), 08-1492 (RDD), 08-1493 (RDD), 08-1494 (RDD), 08-1446, 08-1433 (RDD), 08-1486 (RDD), 08-1495 (RDD), 08-1496 (RDD), 08-1500 (RDD), 09-1148 (RDD), 09-1149 (RDD).
United States District Court, S.D. New York.
March 22, 2011.
*708 David J. Adler, McCarter & English, LLP, New York, NY, for Official Committee Of Unsecured Creditors, Development Specialists, Inc., McCarter & English, LLP, Kurtzman Carson Consultants LLC.
Joshua Joseph Angel, Andrew C. Gold, Seth F. Kornbluth, Herrick, Feinstein LLP, New York, NY, for RPCB Trust.
Jane W. Arnone, Benanti & Associates, Stamford, CT, for BAL Global Finance, LLC f/k/a Fleet Business Credit, LLC, Banc of America Leasing & Capital, LLC.
J. Joseph Bainton, John G. McCarthy, Smith, Gambrell & Russell, LLP, New York, NY, for Development Specialists, Inc.
Ronald Scott Beacher, Pryor Cashman LLP, New York, NY, for U.S. Bancorp Oliver-Allen Technology Leasing.
Steven C. Bennett, Jones Day, New York, NY, for Jones Day.
Charles E. Boulbol, Law Office of Charles E. Boulbol, New York, NY, for Trizec Office Properties, Inc.
Lisa Cahill, Hughes Hubbard & Reed LLP, New York, NY, for Statek Corp.
Thomas R. Califano, DLA Piper LLP (US), New York, NY, for Studio Legale Associato.
Roy H. Carlin, Tannenbaum Helpern, Syracuse Hirschtritt, New York, NY, for Marian Hagler, Coudert Brothers LLP.
Joseph Corneau, Tracy L. Klestadt, Patrick J. Orr, Sean C. Southard, Klestadt & Winters, LLP, New York, NY, for Coudert Brothers LLP.
Leo T. Crowley, Pillsbury Winthrop Shaw Pittman, LLP, New York, NY, for Andrew Hedden, Anthony Williams, Clyde Rankin, Darrell Prescott, Edward Tillinghast, Frederick Konta, Pillsbury Winthrop Shaw Pittman LLP.
Thomas B. Decea, Danzig Fishman & Decea, White Plains, NY, for Thomas Joseph Drago, RPCB Trust.
G. Larry Engel, Morrison & Foerster LLP, San Francisco, CA, for G. Larry Engel.
Jeff Feigelson, Wassaic, NY, for Bellmore Partners Inc.
Robert M. Fleischer, Pryor Cashman LLP, New York, NY, for Axel Hofmann, Hans-Peter Hansen, Jan H. Rohls.
Gerald T. Ford, Natalie Garcia, Landman Corsi Ballaine & Ford P.C., Newark, NJ, for XL Specialty Ins. Co.
Karen S. Frieman, Stern Tannenbaum & Bell LLP, New York, NY, John E. Jureller, Jr., Brendan M. Scott, Klestadt & Winters, LLP, New York, NY, for Coudert Brothers LLP, Development Specialists, Inc.
Alan E. Gamza, Moses & Singer LLP, New York, NY, for La Compagnie Fonciere Parisienne, La Societe Centrale Immobiliere des Mutuelles Agricoles.
Matthew Alexander Gold, Argo Partners, Inc., New York, NY, for Argo Partners.
Richard M. Goldman, Kirkland & Ellis, LLP, New York, NY, for Clifford Chance LLP and Rupert X. Li.
Todd M. Goren, Morrison & Foerster LLP, New York, NY, for Joint Defense Group of Former Partners of Coudert Brothers LLP.
Davin J. Hall, Dechert LLP, New York, NY, Claire L. Huene, Miller & Wrubel, P.C, New York, NY, for Dechert LLP.
*709 Mark G. Hanchet, Mayer Brown, LLP, New York, NY, for Baker & McKenzie LLP.
Stephen Hogan, Yeskoo Hogan & Tamlyn, LLP, New York, NY, for State Bank of Vietnam.
Paul J. Hooten, Paul J. Hooten & Associates, Mt. Sinai, NY, for American Exp. Travel Related Services Co., Inc.
David W. Ichel, Simpson Thacher & Bartlett, New York, NY, for Pamela G. Ostrager.
James H. Joseph, McGuireWoods, LLP, Pittsburgh, PA, for Sprint Nextel Corp. f/d/b/a Sprint and its Affiliates.
William J. Kelly, Wilson, Elser, Moskowitz, Edelman, White Plains, NY, for Weiser Realty Advisors LLC.
Louis E. Kempinsky, Peitzman, Weg & Kempinsky, LLP, Los Angeles, CA, for David K. Gottlieb.
Ben Whaley Le Clercq, Charleston, SC, for Alain Decombe, Eduardo Silva Romero, Philip Dunham, Xavier Nyssen, Yann de Kergos.
Ben Whaley LeClercq, Charleston, SC, for Ben Whaley LeClercq.
Kenneth M. Lewis, Lewis Law PLLC, White Plains, NY, for Paul Horowitz, Steven Becker.
Eric Lopez Schnabel, Dorsey & Whitney LLP, New York, NY, for Dorsey & Whitney.
Daniel Steven Lubell, Hughes Hubbard & Reed, LLP, New York, NY, for Herbert Smith LLP and Jacques Buhart.
Frank McGinn, Bartlett Hackett Feinberg P.C., Boston, MA, for Iron Mountain Info. Management, Inc.
Curtis C. Mechling, Stroock & Stroock & Lavan, LLP, New York, NY, for Edward H. Tillinghast.
Kenneth M. Misken, McGuireWoods LLP, McLean, VA, for Sprint Nextel Corp. f/d/b/a Sprint and its Affiliates.
Brian F. Moore, McCarter & English, LLP, New York, NY, for Official Committee Of Unsecured Creditors.
Stephen Nakamura, Merle, Brown & Nakamura, P.C., New York, NY, for GRIF Management, Inc.
Steven H. Newman, Katsky Korins LLP, New York, NY, for Kay Georgi.
Richard P. Norton, Hunton & Williams LLP, New York, NY, for Hunton & Williams LLP, Stephen J. Bennett, Surasak Vajasit, Hunton & Williams LLP.
Vincent J. Novak, Morrison & Foerster LLP, San Francisco, CA, for Vincent J. Novak.
Barry R. Ostrager, Simpson Thacher & Bartlett LLP, New York, NY, for Pamela G. Ostrager.
Barbra R. Parlin, Holland & Knight, LLP, New York, NY, for Orrick Herrington & Sutcliffe LLP.
Mark T. Power, Hahn & Hessen LLP, New York, NY, for Almaty Metro-Municipal Corp., Intercontinental Commerce Corp.
Suzin L. Raso, Goldberg Segalla LLP, White Plains, NY, for DLA Piper LLP(US), sued herein as DLA Piper Rudnick Gray Cary LLP.
Michael P. Richman, Patton Boggs LLP, New York, NY, for A.T. Massey Coal Co., Inc., Elk Run Coal Co., Inc.
Michael J. Riela, Latham & Watkins LLP, New York, NY, for Ernst & Young LLP.
Adam L. Rosen, Silverman Acampora LLP, Jericho, NY, for Adam L. Rosen.
Avrum J. Rosen, The Law Offices of Avrum J. Rosen, PLLC, Huntington, NY, for CitiStorage, Inc.
*710 Sanford Philip Rosen, Rosen & Associates, P.C., New York, NY, for Steven Becker.
Joel W. Ruderman, Joan Segal, Pension Benefit Guar. Corp., Washington, DC, for Pension Benefit Guar. Corp.
David B. Shemano, Peitzman, Weg & Kempinsky LLP, Los Angeles, CA, for David K. Gottlieb.
James H. Shenwick, Shenwick & Associates, New York, NY, for J. Bruce McCubbrey.
Arthur Jay Steinberg, King & Spalding LLP, New York, NY, for Harrison J. Goldin, Kaye Scholer LLP.
Harvey A. Strickon, Paul, Hastings, Janofsky & Walker LLP, New York, NY, for Paul, Hastings, Janofsky & Walker LLP.
Henry G. Swergold, Platzer, Swergold, Karlin, Levine, Golberg & Jaslow, LLP, New York, NY, for Henry Swergold.
David L. Tillem, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for Wilson Elser Moskowitz Edelman & Dicker LLP.
Brian Trust, Mayer Brown, LLP, New York, NY, for Baker & McKenzie LLP.
Lori V. Vaughan, Foley & Lardner, LLP, New York, NY, for J S Management LLP.
Douglas Wolfe, ASM Capital, LP, Woodbury, NY, for ASM Capital, L.P., ASM Capital II, L.P.
Philippe Zimmerman, Moses & Singer, LLP, New York, NY, for La Compagnie Fonciere Parisienne.

DECISION AND ORDER
VICTOR MARRERO, District Judge.
Appellants Akin Gump Strauss Hauer & Feld LLP, Arent Fox LLP, Dorsey & Whitney LLP, Duane Morris LLP, Jones Day,[1] K & L Gates LLP, Morrison & Foerster LLP, Sheppard Mullin Richter & Hamilton LLP, DLA Piper (US) LLP and Dechert LLP (collectively, "Law Firms") move pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003(a) for leave to appeal the orders of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") denying the Law Firms' motions to dismiss certain claims against them in adversary proceedings before the Bankruptcy Court ("Adversary Proceedings"). For the reasons listed below, the Court DENIES the request for leave to appeal.

I. BACKGROUND[2]
This case arises out of the Chapter 11 bankruptcy of Coudert Brothers LLP ("Coudert"), the New York law firm. In 2006, Coudert's equity partners voted to *711 dissolve the firm. The former Coudert partners joined various other firms, including the Law Firms, to which they brought pending matters they had handled at Coudert.
Development Specialists, Inc. ("DSI"), in its capacity as Plan Administrator for Coudert, filed the underlying Adversary Proceedings against the Law Firms seeking, among other things, hourly fees paid to the Law Firms for work performed on former Coudert matters. The Law Firms moved to dismiss DSI's "unfinished business" claims on the theory that (1) the unfinished business doctrine does not apply to New York partnerships such as Coudert, or (2) to the extent that the unfinished business doctrine applies, it does so only to contingency fee matters and not to hourly fee matters.
In a modified bench ruling, the Bankruptcy Court denied the motions to dismiss. First, the Bankruptcy Court found that, while the New York Court of Appeals had not addressed the unfinished business doctrine, several decisions of New York's Appellate Division, as well as a decision of the United States Court of Appeals for the Second Circuit, uniformly hold that the unfinished business doctrine applies to New York partnerships. Second, the Bankruptcy Court rejected the Law Firms' theory that the unfinished business doctrine applies only to contingency fee matters and not to hourly fee matters. Although it could find no New York decision that addressed the distinction, the Bankruptcy Court found persuasive authority from other jurisdictions that approved the application of the unfinished business doctrine to hourly fee matters. The Court noted that those authorities were decided under the Uniform Partnership Act, which New York has adopted.
The Bankruptcy Court issued orders denying the motions to dismiss on November 18, 2009, and January 19, 2010 ("Orders"), and it denied the Law Firms' motions to certify the Orders pursuant to 28 U.S.C. § 158(d)(2)(B) for direct review by the United States Court of Appeals for the Second Circuit. The Law Firms now seek leave to appeal these non-final Orders.

II. LEGAL STANDARD

Parties have a limited right to appeal non-final orders of the Bankruptcy Court under 28 U.S.C. § 158(a)(3) ("§ 158(a)(3)"). See Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.), No. 01 Civ. 16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept.5, 2006). In determining whether to grant an interlocutory appeal under § 158(a)(3), district courts apply the standard articulated in 28 U.S.C. § 1292(b) ("§ 1292(b)"), which governs interlocutory appeals from orders of the district court. See id.
A district court may permit an interlocutory appeal under § 1292(b) if (1) the "order involves a controlling question of law"; (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation"; and (3) "there is a substantial ground for difference of opinion" on that question. § 1292(b); see also Enron, 2006 WL 2548592, at *3. "[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." Thaler v. Estate of Arbore (In re Poseidon Pool & Spa Recreational, Inc.), 443 B.R. 271, 275 (Bankr.E.D.N.Y.2010).
In addition, a party seeking leave to appeal a non-final order must demonstrate "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Enron, 2006 WL 2548592, at *3 *712 (internal quotation marks and citations omitted).

III. DISCUSSION

The Court finds that leave to file an interlocutory appeal is not warranted here because none of the statutory requirements are met. The Court is not persuaded that the Orders present a controlling issue of law, that an interlocutory appeal would terminate the Adversary Proceedings or advance their termination, or that there is substantial ground for difference of opinion on the questions presented. Moreover, even if the Law Firms could satisfy § 1292(b), the Court would exercise its discretion to deny leave to appeal because, in the Court's view of the record, this case does not present exceptional circumstances to depart from the final judgment rule.
A question of law is "controlling" if reversal on that ground "would terminate the action, or at a minimum ... would materially affect the litigation's outcome." Enron, 2006 WL 2548592, at *4. Here, the parties do not dispute that at least four of the Adversary Proceedings involve causes of action, including breach of contract and fraudulent conveyance, which are distinct from the unfinished business claims. (See Law Firms' Mem. at 8; DSI Mem. at 5; Reply Mem. at 3-4.) Those actions will proceed in the bankruptcy proceedings regardless of the resolution of DSI's unfinished business claims. Under these circumstances, the unfinished business claims do not present a controlling question of law.
For the same reason, an interlocutory appeal would be unlikely to advance the termination of the Adversary Proceedings. See § 1292(b). An appeal from the non-final Orders of the bankruptcy Court here would create additional delay and "would only serve to prolong the liquidation proceedings." [3]Sec. Investor Prot. Corp. v. Bernard Madoff Inv. Sec. LLC (In re Madoff), SIPA Liquidation No. 08-1789, 2010 WL 3260074, at *5 (S.D.N.Y. Aug.6, 2010).
Finally, the Court finds that there is no substantial ground for difference of opinion as to whether the unfinished business doctrine applies to New York partnerships. That was the question presented in Santalucia v. Sebright Transportation, Inc., in which the Second Circuit held that "under New York law, when a professional corporation of lawyers dissolves and a lawyer leaves with a contingent fee case, ... that case remains a firm asset." 232 F.3d 293, 300-01 (2d Cir.2000). Numerous decisions of the New York Appellate Division are in accord. See id. at 298 (collecting cases); see, e.g., Shandell v. Katz, 217 A.D.2d 472, 629 N.Y.S.2d 437 (App.Div.1st Dep't 1995).
The Law Firms do not dispute that Santalucia remains good law, but they insist that there is substantial ground for difference of opinion as to whether the unfinished business doctrine applies to hourly fee matters because the New York courts have not decided the issue. Substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." Enron, 2006 WL 2548592, at *4. "The mere presence of ... a question of first impression" does not satisfy the requirements of § 1292(b). Id. The Court must weigh the competing arguments to determine "whether there is substantial ground for dispute." Id.
Although the application of the unfinished business doctrine to hourly fee matters *713 is a matter of first impression in New York, that alone does not mean that the question is a "difficult" one. See id. The Law Firms have not cited any authority, and the Court is aware of none, that conflicts with the decision of the Bankruptcy Court. Rather, authorities in other jurisdictions uniformly hold that the unfinished business doctrine applies to hourly fee matters as well as contingency fee matters. See, e.g., Robinson v. Nussbaum, 11 F.Supp.2d 1 (D.D.C.1997); Greenspan v. Orrick, Herrington & Sutcliffe LLP (In re Brobeck, Phleger & Harrison LLP), 408 B.R. 318 (Bankr.N.D.Cal.2009); Official Comm. of Unsecured Creditors v. Ashdale (In re Labrum & Doak, LLP), 227 B.R. 391 (Bankr.E.D.Pa.1998). The lack of any authority to support the Law Firms' contention regarding hourly fee matters defeats the Law Firms' position that there is substantial basis for dispute. That alone is sufficient to deny the Law Firms leave to appeal. See, e.g., Sec. & Exch. Comm'n v. Syndicated Food Servs. Int'l, Inc., No. 04 Civ. 1303, 2010 WL 5173267 (E.D.N.Y. Dec. 14, 2010). However, even if there were substantial ground for difference of opinion on this issue, the Court would deny leave to appeal because, as discussed above, the remaining requirements of § 1292(b) are not met. See Thaler, 443 B.R. 271, 275.
Finally, the Court finds that the Law Firms have not demonstrated "exceptional circumstances," Enron, 2006 WL 2548592, at *3, to depart from the general rule of finality embodied in 28 U.S.C. § 1291. See Blue Water Yacht Club Ass'n v. N.H. Ins. Co., 355 F.3d 139, 141 (2d Cir.2004) (per curiam). For these reasons, the Court denies the motions for leave to appeal.

IV. ORDER

For the reasons stated above, it is hereby
ORDERED that the motions of Akin Gump Strauss Hauer & Feld LLP, Arent Fox LLP, Dorsey & Whitney LLP, Duane Morris LLP, Jones Day, K & L Gates LLP, Morrison & Foerster LLP, Sheppard Mullin Richter & Hamilton LLP, DLA Piper (US) LLP and Dechert LLP (collectively, "Law Firms") (Docket Nos. 2-11) for leave to appeal the November 18, 2009, and January 19, 2010, orders of the United States Bankruptcy Court for the Southern District of New York denying the Law Firms' motions to dismiss are DENIED.
The Clerk of Court is directed to terminate any pending motions and to close this case.
SO ORDERED.
NOTES
[1] Jones Day moves together with its partners Scott Jones, Geoffroy De Foestraets and Jingzhou Tao.
[2] The factual summary below is derived from the Bankruptcy Court's modified bench ruling, dated August 7, 2009, and from the following submissions of the parties: Memorandum of Law in Support of Law Firm Defendants' Motion for Leave to Appeal Unfinished Business Doctrine Decision ("Law Firms' Mem."), dated December 17, 2010 (Docket No. 12); Memorandum of Law of Development Specialists, Inc. in Opposition to Law Firm Defendants' Motion for Leave to Appeal Unfinished Business Doctrine Decision ("DSI Mem."), dated February 6, 2011 (Docket No. 25); and Reply Memorandum of Law in Further Support of Law Firm Defendants' Motion for Leave to Appeal Unfinished Business Doctrine Decision ("Reply Mem."), dated March 18, 2011 (Docket No. 31). The Court will make no further citations to these sources unless otherwise specified.
[3] The Court is mindful that the Law Firms' motions for leave to appeal apparently Languished for nearly a year because of misfiling of the motions and other clerical errors.